UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

Fill in this information to identify your case:

| Debtor 1: | Tony | Ray | Hedrick |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2: | Karen | Carlton | Hedrick |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| Case Number: (If known) | 19-50591 | | |

SSN# Debtor 1: XXX-XX-   xxx-xx-1522

SSN# Debtor 2: XXX-XX-   xxx-xx-1942

☑ Check if this is an amended plan, and list below the sections of the plan that have changed.

Sections 1, 4.2 and 6.1

# CHAPTER 13 PLAN

**Section 1:** Notices.

To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable. *You must check each box that applies in § 1.1 and 1.3 below. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest will be done by separate motion or adversary proceeding. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions set out in Section 9 | ☑ Included | ☐ Not Included |

To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You will need to file a proof of claim in order to be paid under any plan. Official notice will be sent to Creditors, which will provide the name and address of the Trustee, the date and time of the meeting of creditors, and information regarding the filing of proofs of claim.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least seven days before the date set for the hearing on confirmation. You will receive notification from the Bankruptcy Court of the date set for the hearing on confirmation. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The applicable commitment period is:

☑ 36 Months

☐ 60 Months

The amount that allowed priority and non-priority unsecured claims would receive if assets were liquidated in a Chapter 7 case, after allowable exemptions, is estimated to be $   99,030   .

**Section 2:** Payments.

2.1   The Debtor will make payments to the Trustee as follows:

**$1,000.00** per **Month** for **1** month(s)
**$1,655.00** per **Month** for **59** month(s)

Additional payments __NONE__

2.2  The Debtor shall commence payments to the Trustee within thirty (30) days from the date the petition was filed.  If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to pay creditors as specified in this plan.

**Section 3:**  Fees and Priority Claims.

3.1  Attorney fees.

☑ The Attorney for the Debtor will be paid the presumptive base fee of $__4,500.00__.  The Attorney has received $__899.00__ from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

☐ The Attorney for the Debtor will be paid a reduced fee of $____.  The Attorney has received $____ from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

☐ The Attorney for the Debtor will file an application for approval of a fee in lieu of the base fee.

3.2  Trustee costs.  The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

3.3  Priority Domestic Support Obligations ("DSO").

a.  ☑ None.  If none is checked, the rest of Section 3.3 need not be completed or reproduced.

3.4  Other Priority Claims to be Paid by Trustee.

a.  ☑ None.  If none is checked, the rest of Section 3.4 need not be completed or reproduced.

**Section 4:**  Secured Claims.

4.1  Real Property – Claims Secured Solely by Debtor's Principal Residence.

a.  ☐ None.  If none is checked, the rest of Section 4.1 need not be completed or reproduced.
b.  ☑ Maintenance of Payments and Cure of Default.

Installment payments on the claims listed below will be maintained and any arrearage will be paid in full.  Proofs of claim should reflect arrearage amounts through the petition date.  For accounts that are in default, the Trustee will commence disbursements of installment payments the month after confirmation.  Any filed arrearage claim will be adjusted to include post-petition installment payments through the month of confirmation.

Amounts stated on a filed proof of claim, and as adjusted to include post-petition payments through the month of confirmation, will control over any contrary amounts listed below for the installment payment and the arrearage.  Additionally, the Trustee will adjust the installment payment in accordance with any Notice of Mortgage Payment Change filed under Bankruptcy Rule 3002.1.

The Trustee is authorized to pay any post-petition fee, expense, or charge for which notice is filed under Bankruptcy Rule 3002.1 if no objection is filed to such fee, expense, or charge.

| Creditor | Address of Residence | Current Y/N | Installment Payment | Estimated Arrearage Amount on Petition Date | If Current, Indicate by Debtor or Trustee |
|---|---|---|---|---|---|
| **Home Point Financial Corporation** | **311 Ladybug Lane Lexington, NC 27292 Davidson County Principal residence of Debtor, consisting of 15.49 acres and evidenced by General Warranty Deed recorded with the Davidson County Register of Deeds in Book No. 1024, Page No. 1455.  Val** | N | $987.80 | $20,990.35 | Trustee |

c. ☐ Claims to be Paid in Full by Trustee

| Creditor | Address of Residence | Estimated Claim | Monthly Payment | Monthly Escrow Payment | Contractual Interest Rate |
|---|---|---|---|---|---|
| -NONE- | | | | | |

d. ☐ Request for Valuation to Treat Claims as Totally Unsecured. *This will be effective only if the applicable box in Section 1.1. of this plan is checked.*

| Creditor | Address of Residence | Estimated Claim | Value of Residence | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim |
|---|---|---|---|---|---|
| -NONE- | | | | | |

4.2 Real Property – Claims Secured by Real Property Other Than by Debtor's Principal Residence AND Claims Secured by Debtor's Principal Residence and Additional Collateral.

a. ☐ None. If none is checked, the rest of Section 4.2 need not be completed or reproduced.

b. ☐ Maintenance of Payments and Cure of Default.

Proofs of claim should reflect arrearage through the petition date. For accounts that are in default the Trustee will commence disbursements of installment payments the month after confirmation and any filed arrearage claims will be adjusted accordingly. Amounts stated on a proof of claim as adjusted to include post-petition payments through the month of confirmation, will control over any contrary amounts listed below for the installment payment and the arrearage.

| Creditor | Collateral | Current Y/N | Installment Payment | Estimated Arrearage Amount on Petition Date | If Current, Indicate by Debtor or Trustee |
|---|---|---|---|---|---|
| -NONE- | | | | | |

c. ☑ Claims to be Paid in Full by Trustee.

| Creditor | Collateral | Estimated Claim | Monthly Payment | Monthly Escrow Payment | Interest Rate |
|---|---|---|---|---|---|
| **Davidson County Tax Department** | **110 Ladybug Lane Lexington Lexington, NC 27292  Davidson County<br>1.07 acres, evidence by General Warranty Deed, recorded with the Davidson County Register of Deeds, Book No. 1294, Page No. 1179.  Valuation is based on Davidson County tax ap** | $462.45 | $10.60 | | 9.00% |

| Creditor | Collateral | Estimated Claim | Monthly Payment | Monthly Escrow Payment | Interest Rate |
|---|---|---|---|---|---|
| **Davidson County Tax Department** | **McCarn Road Lexington, NC 27292 Davidson County 6 acres, Evidenced by General Warranty Deed, recorded with the Davidson County Register of Deeds, Book 1194, Page 855. Valuation is based on Davidson County tax assessment, dated 1/1/2015.** | **$2,067.98** | **$47.41** |  | **9.00%** |
| **Mitchell County Tax Collector** | **Greasy Creek Road Bakersville, NC 28705 Mitchell County 4.93 acres of undeveloped land; valuation is based on current tax value.** | **$2,570.51** | **$58.93** |  | **9.00%** |

    d. ☐ Request for Valuation to Treat Claims as Secured to the Value of the Property and any Amount in Excess as Unsecured. *This will be effective only if the applicable box in Section 1.1 of this plan is checked.*

| Creditor | Collateral | Value of Property | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Monthly Payment to Creditor | Interest Rate |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

4.3    Personal Property Secured Claims.

    a.  ☑ None. If none is checked, the rest of Section 4.3 need not be completed and reproduced.

The Debtor requests that the Court determine the value of the secured claims listed as set forth in Sections 4.1.d, 4.2.d, and 4.3.d as applicable. For each non-governmental secured claim listed above, the Debtor states that the value of the secured claim should be set out in the column headed Amount of Secured Claim. For secured claims of governmental units only, unless otherwise ordered by the Court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed above. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated above.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Section 6 of this plan. If the amount of a creditor's secured claim is listed above as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Section 6 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in Section 4.

The holder of any claim listed in Section 4 as having value in the column headed Amount of Secured Claim will retain the lien on the property interest of the Debtor or the estate until the earlier of:

    (a) payment of the underlying debt determined under non-bankruptcy law, or

    (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

**Section 5:**    Collateral to be Surrendered.

    a.  ☐ None. If none is checked, the rest of Section 5 need not be completed or reproduced.

    b.  ☑ The Debtor Proposes to Surrender to Each Creditor Listed Below the Collateral that Secures the Creditor's Claim.

    Upon timely filing of a claim evidencing a non-avoidable lien, the Debtor will surrender the collateral in satisfaction of the secured claim, and the stay under 11 U.S.C. § 362(a) will be terminated as to the collateral only and the stay under § 1301 will be terminated in all

respects effective upon confirmation of this plan. Effective upon confirmation the creditor will be allowed a period of 120 days for personal property and a period of 180 days for real property to file a documented deficiency claim. Any allowed unsecured claim resulting from disposition of the collateral will be treated as an unsecured claim under Section 6.

| Creditor | Collateral to be Surrendered |
|---|---|
| **OneMain General Services Corporation** | **2008 Volkswagen Jetta 97,000 miles Inoperable. Value based on salvage value** |

### Section 6: Nonpriority Unsecured Claims.

6.1 Nonpriority Unsecured Claims Not Separately Classified.

Allowed nonpriority unsecured claims will be paid pro rata with payments to commence after priority unsecured claims are paid in full.

a. ☐ The estimated dividend to nonpriority unsecured claims is **100** %.

b. ☑ The minimum sum of $ **99,030** will be paid pro rata to nonpriority unsecured claims due to the following:

- ☑ Liquidation Value
- ☐ Disposable Income
- ☐ Other

6.2 Separately Classified Nonpriority Unsecured Claims.

a. ☑ None. If none is checked, the rest of Section 6.2 need not be completed or reproduced.

### Section 7: Executory Contracts and Unexpired Leases.

a. ☑ None. If none is checked, the rest of Section 7 need not be completed or reproduced.

### Section 8: Local Standard Provisions.

8.1 a. The Trustee shall collect and disburse payments in accordance with the plan.
   b. Proofs of claim must be filed to receive disbursements pursuant to the plan. Any claim to be paid as secured must contain evidence of a properly perfected lien on property of the estate. If a claim is listed as secured and the creditor files an unsecured claim, the claim will be treated as unsecured.
   c. Any creditor holding an allowed secured claim and to whom the Debtor is surrendering property under the order confirming plan is granted relief from the automatic stay as to the property and relief from any co-debtor stay so the creditor may obtain possession and liquidate the property. Any net proceeds, after payment of liens and costs of liquidation, are to be forwarded to the Trustee.
   d. All payments being made by the Trustee on any claim secured by real or personal property shall terminate upon the lifting of the automatic stay with respect to the affected property.
   e. Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens are reserved and confirmation of the plan is without res judicata effect as to any action to avoid a lien.
   f. Notwithstanding 11 U.S.C. § 1327(b), all property of the estate as specified by 11 U.S.C. §§ 541 and 1306 shall continue to be property of the estate following confirmation until the earlier of discharge, dismissal, or conversion of the case.
   g. Confirmation of the plan shall not prejudice the right of the Debtor or Trustee to object to any claim.
   h. The Debtor must promptly report to the Trustee and must amend the petition schedules to reflect any significant increases in income and any substantial acquisitions of property such as inheritance, gift of real or personal property, or lottery winnings.

8.2 THE FOLLOWING ADDITIONAL PROVISIONS ARE APPLICABLE TO THE HOLDER OR SERVICER ("HOLDER") OF A CLAIM SECURED BY A DEED OF TRUST, A MORTGAGE OR SECURITY INTEREST IN REAL PROPERTY, OR A MOBILE HOME THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE:

a. The Holder, upon confirmation, is precluded from imposing late charges or other default related fees based solely on pre-confirmation default.

b.  If the Trustee is disbursing ongoing monthly installment payments, the Holder must apply each ongoing payment to the month in which the payment is designated.

c.  For any loan with an escrow account, the Holder must prepare and must send an escrow analysis annually to the Debtor, the Trustee and the Debtor's attorney. The first escrow analysis must be filed with the proof of claim in accordance with Bankruptcy Rule 3002.1. The escrow analysis should not include any amounts that were included or should have been included in the arrearage claim.

d.  The Holder shall continue to send monthly statements to the Debtor in the same manner as existed pre-petition and such statements will not be deemed a violation of the automatic stay.

e.  The Holder is required, upon request, to provide account information to the Trustee within 21 days of the request and failure to provide a timely response may result in an order requiring the Holder to appear and show cause as to why Holder should not be sanctioned for failure to comply.

f.  Nothing herein shall modify Holder's responsibilities under Bankruptcy Rule 3002.1.

g.  Unless the Court orders otherwise, an order granting a discharge in the case shall be a determination that all pre-petition and post-petition defaults have been cured and the account is current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.

h.  PENALTY FOR FAILURE OF HOLDER TO COMPLY WITH THE REQUIREMENTS OUTLINED IN BANKRUPTCY RULE 3002.1.
Without limitation to the Court's authority to afford other relief, any willful failure of the Holder to credit payments in the manner required by Bankruptcy Rule 3002.1 or any act by the creditor following the entry of discharge to charge or collect any amount incurred or assessed prior to the filing of the Chapter 13 Petition or during the pendency of the Chapter 13 case that was not authorized by the order confirming plan or approved by the Court after proper notice, may be found by the Court to constitute contempt of Court and to be a violation of 11 U.S.C. § 524(i) and the injunction under 11 U.S.C. § 524(a)(2).

| Section 9: | Nonstandard Plan Provisions. |
|---|---|

a.  ☐ None. If none is checked, the rest of Section 9 need not be completed or reproduced.

b.  The following plan provisions will be effective only if there is a check in the box "Included" in Section 1.3. Any nonstandard provision as defined by Bankruptcy Rule 3015(c) set out elsewhere in this plan is void.

**The Debtor shall be given a period of one year to list for sale their 6 acres on McCarn Road, which has been valued at $34,200.00. Once they have a buyer, they will acquire authorization from the court to sell the property. After the property is sold or the expiration of one year, whichever comes first, their plan will be reviewed to adjust their monthly payments if necessary.**

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in MDNC Local Form 113, other than any nonstandard provisions included in Section 9.

Signature(s):

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

**Tony Ray Hedrick**  
Signature of Debtor 1

Executed on _____  
mm/dd/yyyy

**Karen Carlton Hedrick**  
Signature of Debtor 2

Executed on _____  
mm/dd/yyyy

/s/ Scott B. Lewis  
**Scott B. Lewis**  
Signature of Attorney for Debtor(s)

Date: **September 9, 2019**

Address:    **16 West First Avenue**  
            **P. O. Box 233**  
            **Lexington, NC 27293-0233**  
Telephone:  **336/224-1628**  
State Bar No:  **18709 NC**

UNITED STATES BANKRUPTCY COURT
Middle District of North Carolina

In re:  **Tony Ray Hedrick**                        )   Case No. **19-50591**
        **Karen Carlton Hedrick**                   )
        **311 Ladybug Lane**                        )
                    (address)                       )
        **Lexington NC 27292-0000**                 )   CHAPTER 13 PLAN
SS# XXX-XX- **xxx-xx-1522**                         )
SS# XXX-XX- **xxx-xx-1942**                         )
                                                    )
                    Debtor(s)                       )

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Notice to Creditors and Proposed Plan was served by first class mail, postage prepaid, to the following parties at their respective addresses:

**Kathryn L. Bringle**
**Chapter 13 Trustee**
**Winston-Salem Division**
**Post Office Box 2115**
**Winston-Salem, NC 27102-2115**

Coliseum Drive Corporation
Attn: Officer or Managing Agent
711 Coliseum Plaza Court
Winston Salem, NC 27106-5352

D. Anthony Sottile, Authorized Agent
for Home Point Financial Corporation
394 Wards Corner Road, Suite 180
Loveland, OH 45140

Davidson County Rescue Squad, Inc.
by and through its registered agent,
Harvey Blackwelder
209 Pennington Avenue
Lexington, NC 27292

Davidson County Tax Department
P. O. Box 1577
Lexington, NC 27293-1577

First National Bank Of Pennsylvania
Attn: Officer
166 Main Street
Greenville, PA 16125

Guilford County
Emergency Services
1002 Meadowwood Street
Greensboro, NC 27409

H & R Accounts, Inc
Attn: Officer or Managing Agent
5320 22nd Avenue
Moline, IL 61265

Home Point Financial Corporation
Attn: Officer or Managing Agent
2211 Old Earhart Road, Suite 250
Ann Arbor, MI 48105

Home Point Financial Corporation
11511 Luna Road, Suite 300
Farmers Branch, TX 75234

Internal Revenue Service
P. O. Box 7346
Philadelphia, PA 19101-7346

Lexington Healthcare
2917 Penn Forest Boulevard
Roanoke, VA 24018

**Mitchell County Tax Collector**
26 Crimson Laurel Circle, Suite 5
Bakersville, NC 28705

**National Recovery Agency**
Attn: Officer or Managing Agent
P.O. Box 67015
Harrisburg, PA 17106

**North Carolina Department of Commerce**
Division of Employment Security
P. O. Box 25903
Raleigh, NC 27611-5903

**North Carolina Department of Justice**
P. O. Box 629
Raleigh, NC 27602-0629

**North Carolina Department of Revenue**
P. O. Box 1168
Raleigh, NC 27602-1168

**Novant Health**
P. O. Box 1123
Minneapolis, MN 55440-1123

**Novant Health, Inc.**
Attn: Officer or Managing Agent
2085 Frontis Plaza Boulevard
Winston-Salem, NC 27106

**OneMain**
P. O. Box 3251
Evansville, IN 47731

**OneMain Financial Group, LLC**
Attn: Officer or Managing Agent
100 International Drive, 16th Floor
Baltimore, MD 21202-4673

**OneMain General Services Corporation**
Attn: Officer or Managing Agent
601 NW 2nd St #300
Evansville, IN 47708

**PMAB, LLC**
Attn: Officer or Managing Agent
Eight Water Ridge Plaza
4135 South Stream Blvd., Suite 400
Charlotte, NC 28217-4636

**Shapiro & Ingle, LLP**
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216-0034

**The Honorable William Barr**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**Wake Forest Baptist Health**
Medical Center Boulevard
Winston Salem, NC 27107

**Wake Forest University Baptist**
Medical Center, Attn:  Officer or
Managing Agent, Legal Affairs
Medical Center Boulvard
Winston Salem, NC 27157

Date  **September  9, 2019**   /s/ Scott B. Lewis
　　　　　　　　　　　　　　　 **Scott B. Lewis**